JERRY D. THARP, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Tharp v. Commissioner
Docket No. 5984-75.
United States Tax Court
T.C. Memo 1977-36; 1977 Tax Ct. Memo LEXIS 405; 36 T.C.M. (CCH) 162; T.C.M. (RIA) 770036; February 15, 1977, Filed Jerry D. Tharp, pro se. Robert J. Chicoine, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent has determined a deficiency of $337.70 in petitioner's Federal income tax for the year 1971. The issue presented is whether petitioner is entitled to dependency deductions for two of his children under section 151. [1]
FINDINGS OF FACT Most of the facts were stipulated and are so found. *406 Petitioner, Jerry D. Tharp and his wife, Donna M. Tharp, timely filed a joint Federal income tax return for 1971 with the Internal Revenue Service Center in Ogden, Utah. At the time of filing his petition herein, petitioner resided in Spanaway, Washington. Petitioner was previously married to Joan Dahl (hereinafter Joan) and had three children by that marriage: Steven, Ian, and Wendy. In 1962, petitioner and Joan were divorced. The divorce decree awarded custody of the children to Joan and required petitioner to pay total child support of $150 per month. The divorce decree did not specify which parent was entitled to claim the children as dependents for income tax purposes. During 1971, Joan had custody of the children and resided in Federal Way, Washington, with her husband, Jay E. Dahl. Steven (age 19) lived with Joan and Jay Dahl during 1971 except for the months of September through December when he attended the University of Washington. Ian (age 17) lived with Joan and Jay Dahl for eight months in 1971 and Wendy (age 15) lived with them the entire year. The home in which Joan and the children resided in 1971 was a split-level, four-bedroom house which was constructed *407 about 1964. All five members of the Dahl household had free and equal access to all areas of the residence. [2]
The annual household expenses for the Dahl family during 1971 were as follows: Fair Rental Value of the
$2,400
Residence
Food
2,400
Utilities
550
Total
$5,350
The total amounts expended by petitioner and Joan in 1971 for the support of Steven and Wendy, excluding the fair market value of the residence and utilities, were $1,686 and $1,265, respectively. [3] Of this amount, petitioner provided $858 for the support of Steven and $747 for the support of Wendy. [4] Petitioner and Joan together provided more than one-half the support of the children. *408 All of the children were claimed by both parents in 1971 as dependency exemptions. Based on his allocation of the fair rental value of the residence and utility expenses among the five members of the Dahl household, respondent determined that petitioner failed to provide more than one-half of Steven's and Wendy's support and disallowed the dependency deductions claimed by petitioner for Steven and Wendy. [5]
OPINION We are to decide whether petitioner met the support test provided by section 152(e), [6] thereby enabling him to claim Steven and Wendy as his dependents in 1971 for Federal income tax purposes. *409 The decision turns upon what portion, if any, of the utility expenses and fair rental value of the Dahl residence is includable in computing the amount of support provided by Joan to each of the children. Petitioner concedes the propriety of prorating the $2,400 food expense incurred by Joan and Jay Dahl among the five members of the household. He further concedes that the utility expenses and fair rental value of the Dahl residence (housing costs) were $550 and $2,400, respectively. Petitioner disagrees, however, with the inclusion of any portion of the housing costs in computing the total amount of support provided Steven and Wendy. [7] In support of his position, petitioner argues that Joan and Jay Dahl would have incurred the same housing costs irrespective of the children. Therefore, concludes petitioner, no portion of such amount is attributable to the support of Steven and Wendy. We are unable to agree with petitioner's position. It is well established that the fair rental value of lodging *410 furnished is includable as an item of support. ; . Accordingly, our task is to ascertain what portion of the Dahl's housing costs is allocable to the children. The parties have stipulated that petitioner provided more than $1,200 for the support of Steven and Wendy in 1971. Thus, for purposes of section 152, the burden is on respondent to clearly establish that Joan provided more for the support of each child in 1971 than petitioner. [8], affd. per curiam . After careful consideration of the evidence presented and the applicable legal standards, we believe that respondent has clearly established that at least 30 percent of the Dahl family's housing costs is properly includable in computing the amount of support provided by Joan to Steven and Wendy. When *411 such amounts are included in computing the total support provided by Joan and petitioner to each child, it is clear that Joan provided more for the support of each child than petitioner. Therefore, we hold that petitioner is not entitled to the dependency deductions for the two children. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, and in force during the year in issue.↩
2. There were no members of the Dahl family during 1971 other than Jay, Joan, Steven, Ian and Wendy.↩
3. These amounts were computed as follows: ↩
Steven
Wendy
Food $368 $552
Additional amounts expended
by Joan
985
491
Amounts expended by peti-
tioner in addition to
support payments paid to
Joan
333
222
Total
$1,686
$1,265
4. The amounts provided by petitioner were computed as follows: ↩
Steven
Wendy
Support payments to Joan $525 $525
Additional payments to
or for the children
333
222
Total $858 $747
5. The dependency deduction claimed by petitioner for Ian is not in issue.↩
6. SEC. 152. DEPENDENT DEFINED. (e) Support Test in Case of Child of Divorced Parents, Et Cetera.-- (1) General rule.--If-- (A) a child (as defined in section 151(e)(3)) receives over half of his support during the calendar year from his parents who are divorced or legally separated under a decree of divorce or separate maintenance, or who are separated under a written separation agreement, and (B) such child is in the custody of one or both of his parents for more than one-half of the calendar year, such child shall be treated, for purposes of subsection(a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year unless he is treated, under the provisions of paragraph(2), as having received over half of his support for such year from the other parent (referred to in this subsection as the parent not having custody). (2) Special rule.--The child of parents described in paragraph(1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if-- (A)(i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and (ii) such parent not having custody provides at least $600 for the support of such child during the calendar year, or (B)(i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for all of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. For purposes of this paragraph, amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support.↩
7. Petitioner would include five percent of the utility expense incurred in computing the total support provided each child as a reasonable allowance for the additional usage.↩
8. For taxable years beginning after December 31, 1976, the Tax Reform Act of 1976 requires that the noncustodial spouse provide more than $1,200 support for each↩ child before such burden is placed upon the custodial spouse.